J. Robert Lynch, J.
The third-party defendant moves for dismissal of the third-party complaint on the ground that it is *2 prohibited by subdivision (b) of section 15-108 of the General Obligations Law, which relieves from liability for contribution to any other person anyone who has been released in good faith by the injured person. This provision became effective on September 1, 1974. Two days later the petitioner was released by the plaintiffs from the cause of action which had arisen against him and the respondent in 1973.
The respondent contends that the provision was not meant to apply to all releases executed after September 1, 1974, but only to releases of causes of action accruing after that date. Not only would such a construction be an unwarranted judicial limitation upon clearly expressed legislation (McKinney’s Cons. Laws of NY, Book 1, Statutes, §§ 73, 76) but it would serve no purpose. Under subdivision (a) of section 15-108, the respondent, without bringing a third-party claim, is entitled to credit for the petitioner’s equitable share of the liability, as distinct from a pro rata share based upon what the petitioner paid for the release. "Because a settlement by one tortfeasor always benefits the remaining tortfeasors by reducing their liability at least by the amount of the settlor’s equitable share, there is no need for the remaining tortfeasors to claim contribution from the settlor. (McKinney’s Session Laws of 1974, Judicial Conference Report on CPLR, p 1819; see, also, Professor Occhialino’s study, Contribution, Nineteenth Annual Report of NY Judicial Conference, 1974, p 217.)
The motion must be granted.